ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Sep-21 16:56:45
60CV-21-5923
C06D11 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY
## _____ DIVISION

**CASSANDRA SHAW**                                              **PLAINTIFF**

VS.                    **CASE NO. 60CV-21_____**

**QUEST TRANSPORTATION, LLC; SALEM PLACE**
**NURSING & REHABILITATION CENTER, INC., and**
**SALEM PLACE NURSING CENTER, INC.**                    **DEFENDANTS**

### COMPLAINT

COMES NOW THE PLAINTIFF, **CASSANDRA SHAW,** by and through counsel,

**SUTTER & GILLHAM, P.L.L.C.; and,** who for her Complaint, states:

1.      Plaintiff is a resident and citizen of Faulkner County, Arkansas.  Defendants are

headquartered in Arkansas.

2.      Quest Transportation is a domestic limited liability company operating for profit,

in an industry substantially impacting interstate commerce. Salem Place Nursing & Rehabilitation

Center, Inc. is a domestic corporation operating for profit, in an industry substantially impacting

interstate commerce.  Salem Place Nursing Center, Inc., is a domestic corporation operating for

profit in an industry substantially impacting interstate commerce.  Defendants employed more than

500 people during more than 20 weeks of the year in 2019 and 2020.

3.      These claims are brought for violation of the FMLA, the ACRA, and the ADA in

an amount exceeding that required for diversity jurisdiction.

### FACTS

4.      Plaintiff began working for Defendant Quest in December of 2018 as a driver doing

nursing home transports.

5.      Plaintiff worked full time

6.      Plaintiff at all times did an acceptable job.  She was never told she was doing badly.



7.      In around April of 2020, due to the Covid epidemic, Plaintiff was transferred to work for Defendant Salem Place as a CNA. This lasted until June of 2020, then she was transferred back to working as a driver for Quest.

8.      In August of 2020, plaintiff started having chest pains and went to the ER.

9.      She informed Quest of this as soon as possible - the same day- and kept them up to date, because she continued to have lung and breathing issues and chest pains.

10.     In the course of a few months, she saw her primary care physician and two different specialists. She was given tests for pulmonary and heart functions and put on prescription medications under doctor's supervision.

11.     Defendants employed more than 50 persons within 75 road miles of plaintiff's work-site during more than twenty weeks of the calendar year in 2019 and 2020.

12.     Plaintiff was an eligible employee and defendants were covered employers within the meaning of the FMLA.

13.     Within two weeks of initially going off work, plaintiff was released to return to work with a limitation on how long she could be in the heat.

14.     This should not have been a problem. Her essential functions did not include being exposed to severe heat for any significant duration.

15.     Prior to Covid, when drivers were awaiting assignments, they would wait in stores or restaurants. Now they could not, but there were a number of alternatives that would allow Plaintiff to avoid heat.

16.     Indeed, Plaintiff requested to be allowed to wait in her personal vehicle, or at her home for assignments, or run the vehicle's ac, and Defendants refused, and made no effort to find an alternative.

17.     However, Plaintiff was not allowed to return to work.

18.     Plaintiff was not given FMLA paperwork of any kind. She was told it would be sent to her physician and that she would be on FMLA leave, but it never was sent to them.

19.     On October 28, 2020, Plaintiff found out from unemployment that Defendant had fired her, and falsely claimed that she had quit on 8/17/20.

20.     Quest and Salem have interlocking boards, interlocking ownership, and interlocking management and policies all directed at carrying out the same business, which is nursing home type business. Quest and Salem both exercised control over plaintiff's employment.

21.     Plaintiff timely filed an EEOC charge less than 180 days after her termination.

22.     Plaintiff now timely files suit less than 90 days after receiving a right to sue letter.

## COUNT I - DISABILITY DISCRIMINATION AND RETALIATION

23.     Plaintiff realleges the foregoing as if more fully set out herein.

24.     By virtue of the facts alleged herein, Defendants Quest and Salem have discriminated against Plaintiff based on her disability by firing her and denying accommodation and retaliated against her for complaining of discrimination in violation of Ark. Code Ann. 16-123-107(a)(1) and 108 and the ADA.

25.     As a result of this conduct, Plaintiff has lost wages and benefits, and endured mental, emotional, and physical suffering.

26.     This conduct has been in willful, intentional, and malicious violation of the law meriting punitive damages.

## COUNT II - FMLA

27.     Plaintiff realleges the foregoing as if more fully set out herein.

28.     By virtue of the facts alleged herein, all Defendants have interfered with Plaintiff's FMLA rights, discriminated against her, and retaliated against her for requesting FMLA leave.

29.     As a result of this conduct, Plaintiff has lost wages and benefits.

30.     This conduct has been in willful, intentional, and malicious violation of the law meriting liquidated damages.

## JURY DEMAND

31.     Plaintiff prays for the jury trial.

WHEREFORE, Plaintiff, CASSANDRA SHAW, prays for back pay, front pay or reinstatement, a positive reference, designation as rehirable, compensatory damages, punitive damages, liquidated damages, all in an amount exceeding that required for diversity jurisdiction, cleansing of her file, a public apology, posting of this lawsuit and any verdict at her worksite, other injunctive relief, training for managers, declaratory relief that the law has been violated, attorneys' fees and cos and a jury trial on all matters so triable.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:     */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com